AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the ~~Search~~ Use of )<br>*(Briefly describe the property to be searched* )<br>*or identify the person by name and address)* )<br>A Cell-site Simulator to Locate the Cellular Device )<br>Assigned Call Number 513-501-7108, IMEI )<br>353503752998530 and/or IMSI 310260788354176 ) | Case No. 1:21-mj-941 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

located in the   Southern   District of   Ohio  , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ❏ evidence of a crime;
- ❏ contraband, fruits of crime, or other items illegally possessed;
- ❏ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) and 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance. |

The application is based on these facts:
See Affidavit in Support of Application for Search Warrant. To ensure technical compliance with 18 U.S.C. 3121-3127, the requested warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation. See 18 U.S.C. 3122(b), 3123(b).

☑ Continued on the attached sheet.

☑ Delayed notice of   30   days *(give exact ending date if more than 30 days:*      *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Anthony C. Ott*
Applicant's signature

SA Anthony C. Ott, FBI
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
**via FaceTime video** *(specify relia*

Date: **Dec 9, 2021**

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

City and state: Cincinnati, Ohio

## AO 106   Attachment

See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation. *See* 18 U.S.C. §§ 3122(b), 3123(b).

I declare under penalty of perjury that the foregoing is true and correct.

December 9, 2021  *s/Ashley N. Brucato*
DATE  ASHLEY N. BRUCATO (0090989)
 Assistant United States Attorney

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 513-501-7108, International Mobile Station Equipment Identity (IMEI) 353503752998530 and/or International Mobile Subscriber Identity (IMSI) 310260788354176., whose wireless provider is T-Mobile, and whose listed subscriber is unknown at this time.

## ATTACHMENT B

Pursuant to an investigation of Sterling PARISH for a violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER CALL NUMBER 513-501-7108, INTERNATIONAL MOBILE STATION EQUIPMENT IDENTITY (IMEI) 353503752998530 and/or INTERNATIONAL MOBILE SUBSCRIBER IDENTITY (IMSI) 310260788354176. | Case No.  1:21-mj-941<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Anthony C. Ott, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number **513-501-7108,** with International Mobile Station Equipment Identity (IMEI) 353503752998530 and/or International Mobile Subscriber Identity (IMSI) 310260788354176. (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) assigned to the Cincinnati, Ohio Field Office Division, and have been so employed since October 2000. As a Special Agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. I am currently assigned to investigate matters involving violent crimes, violent crimes against children, organized crime, criminal enterprises, fugitives and narcotics to include the unlawful possession, possession with intent to

distribute, and actual distribution of controlled substances. I have participated in the preparation and execution of Federal arrest and search warrants related to numerous criminal offenses, including those involved in the current investigation, in my position as a Special Agent. I have also been involved with the analysis of pen registers, the monitoring of Title III wire intercepts, and the installation and monitoring of tracking devices for vehicles in relation to narcotics investigations. Further, I have been the affiant and obtained numerous Federal warrants for the cell phone data location of fugitives and subjects under investigation by the FBI.

3. In my experiences I have had the opportunity to monitor, listen, and review transcripts pertaining to communications which involved the trafficking of illegal narcotics by persons who attempted to thwart law enforcement by speaking in some sort of coded language. I have also participated in numerous post arrest and proffer interviews of individuals with knowledge of illegal drug trafficking that had been involved in using coded language and were familiar with day to day operations utilized by those involved in the illegal trafficking of narcotics. Through these interviews and other investigative experiences, I have gained knowledge regarding the various methods, techniques, codes, and/or jargon utilized by illegal drug traffickers in the course of conducting their criminal activities.

4. In addition, I have utilized confidential informants, pen registers, toll records, physical surveillances, and electronic surveillances in the process of my investigations to further my knowledge regarding the operations of those involved in illegal narcotics distribution. I have further been the affiant on Federal search warrants, have testified in Grand Jury proceedings, and have written reports during the course of conducting investigations.

5. Through my training, experiences, and communications with other experienced agents and officers who conduct drug investigations, I have become familiar with methods used

by drug traffickers to import, transport, store, collect, and safeguard illegal narcotics. Additionally, my training and experiences have given me knowledge regarding the methods used by drug traffickers to communicate with each other, to launder drug proceeds, and to thwart efforts by law enforcement to detect their illegal activities. I also have gained intelligence through my experiences, and through conversations with others who have conducted drug-related investigations, in regard to methods by which drug traffickers package, prepare, and distribute narcotics.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because PARISH's attorney (hereinafter "Attorney 1") communicated to me that PARISH was not responding to Attorney 1 anymore and that PARISH was still in Cincinnati not willing to turn himself in at this point. Toll analysis of the Target Cellular Device showed that on December 3, 2021, Target - Cellular Device placed a call to 513-351-9464, which comes back to the Buffalo Wild Wings restaurant located at 2692 Madison Road, Cincinnati, Ohio. This leads me to believe that PARISH and the device are located in the Southern District of Ohio. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

8. Based on the facts set forth in this affidavit, there is probable cause to believe that Sterling PARISH has violated Title 21 U.S.C. Section 846, 841(a)(1) and 841(b)(1)(A). PARISH was charged with these crimes on and is the subject of an arrest warrant issued on November 15, 2021. There is also probable cause to believe that PARISH is aware of these charges and has fled. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting PARISH, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

9. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

10. In or around 2018, FBI Cincinnati became aware through multiple sources of information that Steffen ROBERSON a/k/a "Worm" was running one of the largest heroin/fentanyl drug trafficking organizations located in the greater Cincinnati, Ohio area.

11. On November 15, 2021, United States Magistrate Judge Stephanie K. Bowman signed a criminal complaint and arrest warrants for thirteen members of the ROBERSON DTO including Sterling PARISH. PARISH was charged with Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances in Southern District of Ohio Case Number 1:21-MJ-881. On November 30, 2021, a federal Grand Jury in the Southern District of Ohio indicted PARISH and thirteen other members of the ROBERSON DTO in Case Number 1:21-CR-127. PARISH was charged with Conspiracy to Possess with Intent to Distribute and Controlled

4

Substances in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Attempts to locate and arrest PARISH since November 16, 2021 have been unsuccessful.

12. I believe that PARISH is aware of the warrant for his arrest. An attorney for PARISH (Attorney 1) contacted me about PARISH's arrest warrant. Attorney 1 advised that PARISH would likely turn himself in to the U.S. Marshalls on the morning of November 22, 2021, which did not happen. Attorney 1 then advised that he expected PARISH to turn himself in to the U.S. Marshalls on November 29, 2021, which also did not happen. PARISH remains a fugitive at this time.

13. During the ROBERSON DTO investigation agents determined that PARISH was using cell phone number 513-886-1156. An administrative subpoena was issued to T-Mobile which identified the subscriber as Sterling Parish, 3402 Mayfair Avenue, Cincinnati, Ohio. PARISH's state of Ohio issued driver's license also lists 3402 Mayfair Avenue, Cincinnati, Ohio as his current address. T-Mobile provided that the International Mobile Station Equipment Identity (IMEI) for the phone/device was 353503752998530. T-Mobile further advised the International Mobile Subscriber Identity (IMSI), was 310260285459343. Toll analysis of 513-886-1156 revealed there has been little activity on the cell phone since mid-November 2021 and agents believe that PARISH stopped using this cell phone number.

14. In order to identify a new number for PARISH, agents conducted historical toll analysis of 513-886-1156. That analysis revealed that between September 13, 2021 and November 13, 2021 there were 102 contacts with 513-302-0255. The final contact between the numbers was on November 13, 2021. Agents believe that 513-302-0255 is a phone number used by Krista Jones, who agents believe has a child with PARISH. Carla Jones, the mother of Krista Jones was interviewed regarding PARISH being a fugitive. Jones advised that her daughter had a child with

PARISH and considered him a "dead-beat dad" that did not provide support. An administrative subpoena was issued to T-Mobile and T-Mobile records showed that phone number 513-302-0255 is subscribed by Krista Jones. Analysis of cell phone records of 513-302-0255 revealed that between November 15, 2021 and December 6, 2021 there were 61 contacts with 513-501-7108 (Target Cellular Device).

15. On December 7, 2021, agents sent a subpoena to T-Mobile for the Target Cellular Device. T-Mobile provided that the Target Cellular Device was activated on November 15, 2021, with no subscriber information on the account. T-Mobile further provided the IMEI for the Target Cellular Device was 353503752998530, which is the same IMEI on PARISH's previous cell phone number (513-886-1156). T-Mobile advised the IMSI for the Target Cell Phone was 310260788354176. Based on this information, agents believe that when PARISH dropped his previous cell phone number, he kept the same device (IMEI) and the cell phone number was changed to the Target Cellular Device. Further analysis of the Target Cellular Device records revealed a total of 88 common contacts between PARISH's previous cell phone number (513-886-1156) and the Target Cellular Device.

16. Therefore, I believe there is probable cause that PARISH is using the Target Cellular Device, more fully described in Attachment A, and that location information for the Target Cellular Device will assist law enforcement in locating PARISH, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

**MANNER OF EXECUTION**

17. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a

cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

18. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

19. The investigative device may interrupt cellular service of phones or other cellular devices within its range. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its range. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

20. Based on the foregoing, I request that the Court issue the proposed search warrant, for a period of thirty days, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

21. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and continue to flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

22. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

23. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

24. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

*Anthony C. Ott*

ANTHONY C. OTT
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on this 9th day of December 2021

Karen L. Litkovitz
United States Magistrate Judge

9

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 513-501-7108, International Mobile Station Equipment Identity (IMEI) 353503752998530 and/or International Mobile Subscriber Identity (IMSI) 310260788354176., whose wireless provider is T-Mobile, and whose listed subscriber is unknown at this time.

## ATTACHMENT B

Pursuant to an investigation of Sterling PARISH for a violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night.  This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property.  The Court finds reasonable necessity for the use of the technique authorized above.  *See* 18 U.S.C. § 3103a(b)(2).